NO. 07-03-0083-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 20, 2003



______________________________




JIMMY R. LATHAM, APPELLANT



V.



WHITTENBURG, WHITTENBURG & SCHACHTER, P.C.,


CONANT, WHITTENBURG, FRENCH & SCHACHTER,


P.C. AND KARL BAUMGARDNER, APPELLEES




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 88,829-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 In this proceeding, appellant Jimmy R. Latham attempted to appeal a take-nothing
summary judgment in favor of appellees Whittenburg, Whittenburg & Schachter, P.C.,
Whittenburg, French & Schachter, P.C. and Karl L. Baumgardner. 

 We have now been furnished with a suggestion of death of Jimmy Latham and a
motion to substitute Mrs. Floy B. Latham, the executrix of the Estate of Jimmy Latham,
deceased, as appellant. That motion is hereby granted.

 Mrs. Floy B. Latham, as executrix of the Estate of Jimmy Latham, deceased, has
now filed a motion in which she states the estate is the only appellant in the case and that
she no longer wishes to prosecute the appeal. The motion is in proper form and is filed
before this court has rendered any opinion in the case.

 Accordingly, the motion is granted and the appeal is dismissed. Tex. R. App. P.
42.1(a). Having dismiss the appeal at appellant's request, no motion for rehearing will be
entertained and the mandate will issue forthwith. 


 John T. Boyd

 Senior Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 


s-serif">_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18888-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON ABATEMENT AND REMAND
          Appellant, Curtis Lee Thompson, appeals his conviction for unlawful possession of
a firearm by a felon and sentence of 20 years incarceration in the Institutional Division of
the Texas Department of Criminal Justice and $500 fine. On September 24, 2007, the
clerk’s record was filed in this cause. On September 25, 2007, this court sent
correspondence to the trial court, trial court clerk, and counsel for appellant and the State
noticing that the clerk’s record does not contain a certification of defendant’s right of
appeal. This correspondence directed that a certification of defendant’s right of appeal,
complying with Texas Rule of Appellate Procedure 25.2, be filed with the trial court clerk
within 30 days and that the trial court clerk either file a supplemental clerk’s record that
includes the certification within 15 days of its filing or notify the Clerk of this Court that the
certification was not filed within 45 days of our correspondence. To date, this Court has
not received either a supplemental record containing a certification of defendant’s right of
appeal or notice that such certification was not filed.
          A trial court’s certification of defendant’s right of appeal must be included in the
appellate record, but the certification may be added by amendment, supplement, or order
of this Court. Tex. R. App. P. 25.2(d).
          We, therefore, abate this appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary,
including a hearing, if necessary, to determine if appellant still desires to prosecute this
appeal. Appellant’s counsel has notified this court that appellant may no longer desire to
prosecute this appeal. However, no motion to dismiss the appeal, complying with Texas
Rule of Appellate Procedure 42.2(a), has been received by this Court. 
          Without regard to whether appellant still desires to prosecute this appeal, the trial
court is directed to certify whether appellant has the right of appeal. See Tex. R. App. P. 
25.2(a)(2), (d).


 Furthermore, the trial court shall cause the certification manifesting its
decision to be included in a supplemental clerk’s record. 
          If any hearing is held on these matters, it shall be transcribed, which transcription
the trial court shall cause to be included in a supplemental reporter’s record. So too is the
trial court directed to cause both the supplemental clerk’s and reporter’s records to be filed
with the Clerk of this Court on or before February 25, 2008. Should the trial court require
more time to comply with the directions of this Court, it must request an extension prior to
February 25, 2008.
          Accordingly, the appeal is abated and the cause is remanded for further
proceedings.
 
                                                                           Per Curiam











Do not publish.